# UNITED DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In the Opposition Matter of Trademark Application Serial No. 87/760,631 TTAB Opposition No.: 91249652
Filed in: THE UNITED STATES PATENT AND TRADEMARK OFFICE TRADEMARK TRIAL AND APPEAL BOARD

For the mark: SPARK

| | |
|---|---|
| SPARK ORTHODONTICS, P.C, ) | |
| ) | |
| ) | |
| Opposer, ) | |
| ) | |
| -v- ) | Civil Action No.: 2:20-cv-6488 |
| ) | |
| ORMCO CORPORATION, ) | |
| ) | |
| Applicant. ) | |
| ) | |
| _____ ) | |

## APPLICATION TO ISSUE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS

1.  Application is hereby made to this court to issue the attached subpoena duces tecum pursuant to 35 U.S.C. §24, U.S. Trademark Trial and Appeal Board ("TTAB") Rule 406.01 and Fed. R. Civ. P. 34(c) and 45.

2.  Spark is engaged in an Opposition proceeding before the TTAB (Opposition No.: 91249652) which is in the discovery stage.

3.  TTAB Rule 406.01 permits a party to a TTAB proceeding to obtain nonparty documents without deposition subpoena duces tecum under Fed. R. Civ. P. 45.

4.      Under TTAB Rule 404.03(a)(2) and 35 U.S.C. §24, "*The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office.*"

5.      Fed. R. Civ. P. 45(b)(2) permits service at any place in the United States.

6.      According to the United States Court of Appeals, Third Circuit, in Hay Group, Inc. v. E.B.S. Acquisition Corp., "*a subpoena calling only for the "production or inspection" of documents "shall issue from the court for the district in which the production or inspection is to be made." "Production" refers to the delivery of documents, not their retrieval, and therefore "the district in which the production ... is to be made" is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over*." Hay Grp., Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 412 (3d Cir. 2004)

7.      Spark has reason to believe that the third party witness named in the subpoena has documents which are relevant and material to the issues in the Opposition because the third party either authored an article on Ormco's website in support of the products being sold under the challenged trademark or is a provider of products marketed under the challenged trademark and is therefore in the channels of trade through which goods sold under the challenged mark flow.

8267323.1

8.  In the interest of judicial efficiency Spark requests issuance of the attached subpoena.

BARLEY SNYDER

Dated:  December 24, 2020           By:_ /s/ Salvatore Anastasi

Salvatore Anastasi, Esq. (I.D. No. 78314)
Attorney for Opposer
Spark Orthodontics, P.C.
2 Great Valley Parkway
Suite 110
Malvern, PA 19355
(610) 722-3899

8267323.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Application to issue subpoena to produce documents, information, or objects has been served this 24th day of December, 2020, by email, upon:

    Sean K. Owens
    WOOD HERRON & EVANS LLP
    441 Vine Street, 2700 Carew Tower
    Cincinnati, OH 45202
    sowens@whe-law.com

                                      /s/ Salvatore Anastasi
                                      _____+_____
                                      Salvatore Anastasi
                                      Barley Snyder
                                      2 Great Valley Parkway
                                      Suite 110
                                      Malvern, PA 19355
                                      Phone: (610) 722-3899
                                      Email: sanastasi@barley.com
                                      Attorneys for Opposer

## IN THE UNITED DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In the Matter of Trademark Application Serial No. 87/760,631 TTAB Opposition No.: 91249652
Filed in: THE UNITED STATES PATENT AND TRADEMARK OFFICE TRADEMARK TRIAL AND APPEAL BOARD

For the mark: SPARK

| | |
|---|---|
| SPARK ORTHODONTICS, P.C, ) ) ) Opposer, ) ) -v- ) ORMCO CORPORATION, ) ) Applicant. ) ) ) | Civil Action No.: 2:20-cv-6488 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN

## TRADEMARK OPPOSITION PROCEEDING

To: Meridith Peterik

YOU ARE COMMANDED to produce on December 28, 2020 at Barley Snyder, 2 Great Valley Parkway, Suite 110, Malvern, PA 19355, subject to the definitions and instructions in Schedule A, the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of: all communications with Ormco Corporation concerning the mark SPARK, all agreements with Ormco Corporation concerning the mark SPARK, all training material concerning the mark SPARK, all marketing materials concerning the mark SPARK, and all documents concerning the mark SPARK.

8267323.1

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

_____
CLERK OF COURT

The name, address, e-mail address, and telephone number of the attorney representing Spark Orthodontics, P.C. , who requests this subpoena, is Salvatore Anastasi of Barley Snyder, 2 Great Valley Parkway, Suite 110, Malvern PA, 19355

<u>Notice to the person who issues or requests this subpoena</u>

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**
**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**1.** **(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.
 For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1. "Opposer" means Spark Orthodontics, the Opposer in the above-captioned proceeding.

2 "Applicant", means Ormco Corporation, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of the foregoing entities' employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

3. "Concerning" means consisting of, referring to, relating to, reflecting, or being in any way logically or factually connected with the matter discussed.

4. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5. "Date" means the exact day, month, and year if ascertainable, or, if not, the best available approximation (including relationship to other events).

6. "Describe" means set forth fully and unambiguously every fact relevant to the subject of the interrogatory, of which you (including your agents and representatives) have knowledge or information.

7. "Document" is synonymous in meaning and equal in scope to its usage in FRCP 34(a)(1)(A). The term "document" refers to any document now or at any time in your possession, custody, or control. A person is deemed in control of a document if the person has any

8267323.1

ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

8. "Identify" with respect to a person who is an individual means to state that person's full name, present or last known address, and current or last known place of employment.

9. "Identify" with respect to a person that is not an individual means to state its: full name, legal form, date of organization, state of incorporation or organization or other business or license authority, present or last known address and telephone number, and the identity of its chief executive officer, partners, or persons in equivalent positions.

10. "Identify" with respect to a document means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Rule 33 of the Federal Rules of Civil Procedure.

11. "Identify" with respect to communications means to give, to the extent known, (a) a description of the substance of the communication; (b) the form of the communication (e.g., telephone, facsimile, email, etc.); (c) the identity of each person that was a party to and/or present at the time of the communication, as well as the full name, present or last known address, and the current or last known place of employment of each person; (d) the identity of the person whom you contend initiated the communication; and (e) the time, date, and place of the communication.

12 The term "mark" means any word, name, symbol, or device (including any key word or metatag) or any combination thereof.

13. The term "person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

14. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise fall outside the scope of this interrogatory.

15. The terms "all," "any," or "each" encompass any and all of the matter discussed.

16. The use of singular form includes plural, and vice versa.

17. The use of present tense includes past tense, and vice versa.

18. The masculine form shall also be construed to include the feminine and vice versa.

## INSTRUCTIONS

1. All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular request or if you withhold any responsive documents or categories of documents based on any objections, you shall state so in writing.

2. Electronically stored information (ESI) must be produced in its original native format with its accompanying metadata. For example:

   (a) documents created using Microsoft Word must be produced as .doc files; and

   (b) emails must be produced in a form that readily supports import into standard email client programs (e.g., .msg or .pst files).

3. These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers,

8267323.1

brokers, accountants, financial advisors, representatives, attorneys and agents or other persons acting on your behalf, without regard to the physical location of such documents.

    4.  In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has the control and the location of the documents.

    5.  If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

        (a)  identifying the document;

        (b)  describing where the document is now;

        (c)  identifying who has control of the document;

        (d)  describing how the document became lost or destroyed or was transferred; and

        (e)  identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of this document from your possession, custody, or control.

    6.  Each request contemplates production of all documents in their entirety. If a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

    7.  If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine, business confidentiality, or trade secret protection, set forth separately with respect to each such document:

        (a)  the ground of privilege or protection claimed;

8267323.1

(b) each and every basis under which the document is withheld;

(c) the type of document;

(d) its general subject matter;

(e) the document's date; and

(f) other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5) and TBMP § 406.04(c).

8. To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED" on the document in an appropriate location that does not obscure the remaining text.

PROOF OF SERVICE

I received this subpoena for (name of individual and title, if any)_____
on (date)_____ .

_____I served the subpoena by delivering a copy to the named person as follows:
on (date) ; or

_____I returned the subpoena unexecuted because:

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true.

Date:_____

_____
Server's signature

_____
Printed name and title

_____
Server's address

8267323.1