**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re Application Serial No. 87/760,631
Filed: January 18, 2018
For the Mark: SPARK
Published in the Official Gazette: March 26, 2019

SPARK ORTHODONTICS, P.C.,

Opposer,

v.

ORMCO CORPORATION,

Applicant.

Civil Action No.: 2:20-mc-00117-JD

**MOTION FOR LIMITED INTERVENTION AND TO QUASH ON BEHALF OF EIGHT NON-PARTY INDIVIDUALS**

## I. Introduction

A trademark opposition proceeding (No. 91/249652; the "Opposition") is pending before the Trademark Trial and Appeal Board ("TTAB") at the United States Patent and Trademark Office ("USPTO"). The "Opposer" (*i.e.*, the "plaintiff") is Spark Orthodontics and the "Applicant" (*i.e.*, the "defendant") is Ormco Corporation (hereinafter, "Ormco").

The instant motion is a limited motion to intervene and to quash the subpoenas served on eight individuals who are not parties to the Opposition: Dr. Robert Gire of La Habra, California; Dr. Jeffrey Heinz of Novi, Michigan; Dr. Michael J. Mayhew of Boone, North Carolina; Dr. Andre Nazarov of Denver, Colorado; Meredith Peterik of Hinsdale, Illinois; Dr. Stanley Robison of Frederick, Maryland; Dr. Michael DePascale of East Lyme, Connecticut; and Dr. Bill Dischinger of Portland, Oregon (together, "Movants"). Each of the Movants was served with a subpoena *duces*

*tecum* pursuant to 35 U.S.C. §24 and Fed. R. Civ. P. 45 commanding the production of documents within this Judicial District.

## II. Background Facts

The applied-for trademark that is the subject of the Opposition is the mark "SPARK." On Christmas Eve, December 24, 2020, Spark Orthodontics filed eight petitions to issue subpoenas *duces tecum* (Exhibits A-H) to the individual Movants who are non-parties in the underlying Opposition. Each of the Movants—according to Spark Orthodontics—purportedly provide services to patients using Ormco's Spark Clear Aligner Systems. Ormco's clear aligners relate to the disputed trademark, "SPARK." The subpoenas seek production of documents regarding "all communications with Ormco Corporation concerning the mark SPARK, all agreements with Ormco Corporation concerning the mark SPARK, all training material concerning the mark SPARK, all marketing materials concerning the mark SPARK, and all documents concerning the mark SPARK."[1] *See generally* Exs. A-H .

Spark Orthodontics also sent copies of the unsigned, unissued petitions to Ormco on Christmas Eve. The delivery of the unsigned, unissued petitions to both the nonparties and Ormco was solely via email. The date for document production, identified in the proposed subpoenas, was the following Monday, December 28, 2020. *See generally id*. Spark Orthodontics did not inform the Court that the discovery period in the Opposition closed on December 28, 2020. *See id.*

This Court issued the subpoenas sought by Spark Orthodontics on January 15, 2021 (*Dkt.* 9), after close of the Opposition discovery period. Personal service of the issued subpoenas began

[1] This motion should not be construed as a waiver or relinquishment of any party or nonparty's right to object to the contents of the issued subpoenas as unduly burdensome, overly broad, and/or irrelevant. *Fed. R. Civ. P. 45(d)(3)(A)(iv)*. Both Ormco and the eight nonparty subpoena recipients retain their right to assert such objections in the event this Court denies the instant Limited Motion to Intervene and Quash based on the stated grounds.

on January 28, 2021. The issued, personally served subpoenas, still stated December 28, 2020, as the required document production date and the place of compliance was identified as Spark Orthodontics' counsel's office in Malvern, Pennsylvania.

All of the Movants reside and are employed outside of Pennsylvania and more than 100 miles from Malvern, Pennsylvania. *Id.* A table indicating the distance from Malvern, Pennsylvania to the cities in which Movants reside and are employed is below, with copies of Google Map screenshots of these recorded distances attached hereto as Exhibit I.

| Movant | City, State | Approximate Distance from Malvern, Pennsylvania |
|---|---|---|
| Dr. Robert Gire | La Habra, California | 2,574 miles |
| Dr. Jeffrey Heinz | Novi, Michigan | 568 miles |
| Dr. Michael J. Mayhew | Boone, North Carolina; | 613 miles |
| Dr. Andre Nazarov | Denver, Colorado; | 1,702 miles |
| Meredith Peterik | Hinsdale, Illinois | 747 miles |
| Dr. Stanley Robison | Frederick, Maryland | 143 miles |
| Dr. Michael DePascale | East Lyme, Connecticut; | 229 miles |
| Dr. Bill Dischinger | Portland, Oregon | 2,845 miles |

## III. Governing Legal Principles

Fed. R. Civ. P. 45 governs subpoenas. Rule 45 permits the requesting party to command production of documents, electronically stored information, or tangible things, but only "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A) (emphasis added). Rule 45 also provides explicit grounds in which a subpoena can be quashed:

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; [or] (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c).

Fed. R. Civ. P. 45(d)(3)(A).

In conjunction with Rule 45 and adopted for the express purpose of facilitating subpoenas in contested cases before the USPTO—such as a trademark opposition cases—is Title 35 U.S.C. §24, which states:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena *for any witness residing or being within such district*, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office.

35 U.S.C. §24 (emphasis added).

## IV. Argument

The subpoenas served on each individual nonparty must be quashed because they: (1) were improperly served after the close of discovery; (2) do not allow a reasonable time to comply pursuant to Rule 45; (3) do not comply with the jurisdictional limitations imposed by 35 U.S.C. §24; and (4) do not comply with the geographical limitations imposed by Rule 45.

### A. The Subpoenas Were Served After the Close of Discovery

First, the subpoenas were issued and served outside the window for taking discovery in the underlying Opposition proceeding. Based on the determination that a Rule 45 subpoena constitutes discovery, courts have routinely held that subpoenas served outside of the discovery period are untimely. *See Karagiannopoulous v. City of Lowell*, No. 3:05-cv-401-FDW-DCK, 2008 U.S. Dist. LEXIS 121216, at *3 (W.D.N.C. April 2, 2008) (unpublished). *See also CSS, Inc. v. Herrington*,

No. 2:16-cv-01762, 2018 U.S. Dist. LEXIS 231504, at *6 (S.D.W.V. Jan. 9, 2018) (quashing Rule 45 subpoena seeking discovery that was served after the close of discovery).

As stated above, the discovery period in the instant matter ended on December 28, 2020, but the Court did not issue signed subpoenas until January 15, 2021. *Dkt.* 9. Moreover, the first of the individual nonparties was not served with the signed subpoenas until at least January 28, 2021. This, alone, forecloses Spark Orthodontics' ability to compel the nonparties to comply with the subpoenas since these subpoenas—which are exclusively for the production of documents and things—were issued and served after the discovery period had closed. *See Jefferson v. Biogen IDEC Inc.*, No. 2:16-cv-01762, 2012 U.S. Dist. LEXIS 48139, at *5 (E.D.N.C. Apr. 5, 2012) (ruling that subpoenas served after the completion of discovery were untimely); *Peterbilt of Great Bend, LLC v. Doonan*, No. 2:16-cv-01762, 2006 U.S. Dist. LEXIS 80038, at *4, (D. Kan. Nov. 1, 2006) (subpoena that was issued outside the discovery period was quashed as untimely). Because Spark Orthodontics waited until only one business day before the close of discovery to file the subpoena petitions in district court, there was no reasonable expectation that they could be timely issued and served.

For this reason alone, it is within the authority of this Court to quash the subpoenas as untimely and without further remark.

### B. The Subpoenas Do Not Allow a Reasonable Time to Comply Pursuant to Rule 45

Rule 45(d)(3)(A)(i) states the issuing court must quash a subpoena that "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45. Rule 45 does not define "reasonable time" but "[f]ederal courts have … found that seven days is 'clearly unreasonable' . . . ." *Verisign, Inc. v. XYZ.com, LLC*, No. 15-mc-175-RGA-MPT, 2015 U.S. Dist. LEXIS 162772 at *7 (D. Del. Dec. 4, 2015) (internal quotation omitted). Where the time allotted for compliance was effectively one

business day, as here, the period for compliance was considered "unreasonable." *See id; see also Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, No. 11-cv-1665, 2011 U.S. Dist. LEXIS 128339, at *26-30 (E.D. Pa. Nov. 7, 2011) (finding the allotted period of compliance to be unreasonable when the allotted period was only three business days). Many federal courts have found similar notice to be inadequate. *See, e.g., Saffady v. Chase Home Fin., Inc.*, No. 10-11965, 2011 U.S. Dist. LEXIS 17144, at *8 (E.D. Mich. Feb. 22, 2011) (four business days' notice for a deposition in another state is not reasonable); *Mem'l Hospice, Inc. v. Norris*, No. 2:08-CV-048, 2008 U.S. Dist. LEXIS 92618, at *3 (N.D. Miss. Nov. 5, 2008) (eight days' notice of deposition is not reasonable); *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) (one week for compliance considered unreasonable); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (six days' notice for deposition is not reasonable).

Here, assuming, *arguendo*, that emailing an unsigned and unissued subpoena constitutes service, the subpoenas provided a presumptively unreasonable period for compliance. Because the unsigned, unissued subpoenas were sent on Thursday, December 24, 2020, and the required compliance was on December 28, 2020, the recipients were only allowed a Friday (which was Christmas Day), a Saturday, and a Sunday to compile documents and prepare them for production. Without any prior warning, Spark Orthodontics sent copies of unissued subpoenas to the Movants and demanded compliance four calendar days later.

Furthermore, the period of compliance was rendered moot by virtue of the subpoenas being issued and served after the compliance period ended. The Movants were not served with copies of the issued subpoenas until January 28, 2021, an entire month after the stated period of compliance. In other words, the time between service of the subpoena and the deadline to comply therewith is *negative* one month. Thus, the subpoenas are facially deficient. The Movants cannot reasonably

be expected to comply with subpoenas that state documents must be produced on a date one month in the past – a consequence entirely of Spark's own making by waiting to the literal end of the discovery period to seek authority to subpoena these non-parties. Nor can this Court modify the terms of the subpoena because the discovery period in the Opposition has closed.

For these reasons alone, the Court would be well within its authority to quash the subpoenas without further remark.

### C. The Subpoenas Do Not Comply with the Jurisdictional Limitations Imposed by 35 U.S.C. §24

Even assuming the subpoenas were timely served and provided a reasonable time for compliance, the subpoenas are further improper because none of the subpoenaed parties reside or employed within this Judicial District. Rule 45 was amended in 2013 to provide that "[a] subpoena may be served at any place within the United States" (Fed. R. Civ. P. 45(b)(2)), but the authority to *serve* a subpoena does not expand the jurisdictional scope of a court's subpoena power. While stating that the Federal Rules of Civil Procedure apply, 35 U.S.C. §24 imposes additional jurisdictional requirements that limit subpoena power. "The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness *residing or being within such district* . . . ." 35 U.S.C. §24 (emphasis added). The Trademark Trial and Appeal Board Manual of Procedure states that a district in which a domestic witness is "residing or being" is a district "where the witness resides or is regularly employed." *Trademark Trial and Appeal Board Manual of Procedure* ("TTAB Manual") § 703.01(f)(2) (2d ed. revision 1, 2004).

Under the statute, the Clerk of Court is without authority to issue a subpoena to a witness who is not "residing or being within" the Clerk's district. *See Tiger Lily Ventures Ltd. v. Barclays*

*Capital, Inc.*, No. 17-MC-499, 2018 U.S. Dist. LEXIS 76068, at *5 (S.D.N.Y. May 2, 2018); *cf. In re Compel Testimony of Orlando*, No. 14-MC-60624-SCOLA/VALLE, 2014 U.S. Dist. LEXIS 196643, at *3 (S.D. Fla. Apr. 23, 2014) (establishing that the Court has jurisdiction over a subpoena recipient who has an address in the Court's district).

Here, since none of the recipients reside in the Court's district, nor do any possess regular employment within the Court's district, they are outside the Court's subpoena power. *See In re Johnson & Johnson*, 59 F.R.D. 174, 178-79 (D. Del. 1973) ("[Movants] all reside and work outside this district, and so are outside this Court's subpoena power."). Because of this, the Court is without the authority to compel their participation in the event a Motion to Compel is raised. Without the jurisdictional authority to compel participation over the non-party, non-district residents, this Court is left with a singular alternative: it must quash the subpoenas directed to these individuals.

The jurisdictional limits imposed on this Court by virtue of 35 U.S.C. §24, alone, require the subpoenas to be quashed without further remark.

### D. The Subpoenas Do Not Comply with the Geographical Limitations Imposed by Rule 45

Even if the jurisdictional limits imposed by 35 U.S.C. § 24 are either ignored or are found to be preempted by the 2013 amendment to the Federal Rules of Civil Procedure, Rule 45 requires that production of documents, electronically stored information, or tangible things may *only* occur "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A) (emphasis added). Under Rule 45(d), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)." *Id.*; *see generally Havens v. Maritime Commc'ns/Land Mobile, LLC*, 2014 U.S. Dist. LEXIS 68786,*3

(D.N.J. May 20, 2014) (granting motion to quash trial subpoenas that "would, if enforced, violate the geographical limits set out in Rule 45.”).

Here, each of the Movants reside more than 100 miles away from Malvern, Pennsylvania—the place specified for compliance by the subpoenas. None of the individual orthodontists practice in Pennsylvania, nor do any regularly transact business in Pennsylvania. Thus, the subpoenas lack the ability to compel production of any documents from these individuals.

The language in Rule 45(c)(3)(A)(ii) is compulsory, not permissive, in stating that, “a court "*must* quash or modify [a] subpoena" if that subpoena "requires a person to comply beyond the geographical limits specified in Rule 45(c).” *See generally* Fed. R. Civ. P. 45. Accordingly, the Court has no alternative other than quashing the subpoenas, since they clearly seek compliance from parties located more than 100 miles from Spark Orthodontics’ counsel’s office. Again, it would be futile for this Court to modify the terms of the subpoena because the discovery period in the Opposition has closed.

These reasons, alone, are sufficient to quash the subpoenas without further remark.

**E. The Motion to Quash Is Timely**

Rule 45 states that a timely motion to quash, “must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.” Fed. R. Civ. P. 45(d)(2)(B*).* It would have been impossible for the Movants to object to the subpoenas during the period for compliance because the subpoenas had not been issued until almost three weeks after the allotted compliance period expired and the movants were not served with the subpoenas until two weeks after that. Thus, the only period in which the movants could be expected to comply with Rule 45(d)(2)(B) is “14 days after the subpoena is served.” Here, 14 days after the subpoena is served is February 11, 2021. Thus, the movants have objected to the subpoenas in timely fashion.

## V. Conclusion

Each of the sections above, individually, provide the Court with authority to quash the subpoenas without further remark. Taken collectively, the weight of authority requiring this Court to quash the subpoenas is overwhelming. For these reasons, the Court must quash the subpoenas without modification.

Dated: February 10, 2021

Respectfully submitted,

By: /s/ Lynn E. Rzonca

Lynn E. Rzonca
Niki Ikahihifo-Bender (*pro hac vice* to be applied for)
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
215.665.8500 Telephone
215.864.8999 Fax
rzoncal@ballardspahr.com
ikahihifobendern@ballardspahr.com

*Attorneys for Movants Dr. Robert Gire, Dr. Jeffrey Heinz, Dr. Michael J. Mayhew, Dr. Andre Nazarov, Meredith Peterik, Dr. Stanley, Dr. Michael DePascale, and Dr. Bill Dischinger*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **MOTION TO QUASH ON BEHALF OF EIGHT NON-PARTY INDIVIDUALS** has been served upon Joseph R. Falcon III, Attorney for Opposer, via Electronic Mail to berwynipdocket@barley.com, sanastasi@barley.com, and jfalcon@barley.com, this 10th day of February, 2021.

/s/ Niki Ikahihifo-Bender
Niki Ikahihifo-Bender

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re Application Serial No. 87/760,631
Filed: January 18, 2018
For the Mark: SPARK
Published in the Official Gazette: March 26, 2019

| | | |
|---|---|---|
| SPARK ORTHODONTICS, P.C., | ) | Civil Action No.: 2:20-mc-00117-JD |
| Opposer, | ) | |
| v. | ) | |
| ORMCO CORPORATION, | ) | |
| Applicant. | ) | |

**[PROPOSED] ORDER**

Before the Court is the Motion for Limited Intervention and to Quash (the "Motion") on behalf of the eight subpoenaed non-party individuals in this matter.

For good cause shown, the Motion is GRANTED in all respects. This court hereby QUASHES the subpoenas of: (1) Dr. Robert Gire of La Habra, California; (2) Dr. Jeffrey Heinz of Novi, Michigan; (3) Dr. Michael J. Mayhew of Boone, North Carolina; (4) Dr. Andre Nazarov of Denver, Colorado; (5) Meredith Peterik of Hinsdale, Illinois; (6) Dr. Stanley Robison of Frederick, Maryland; (7) Dr. Michael DePascale of East Lyme, Connecticut; and (8) Dr. Bill Dischinger of Portland, Oregon.

SO ORDERED, this _ day of _____, 2021.

______________________________
UNITED STATES DISTRICT JUDGE